# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| THE CATO CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STITCH FIX, INC., ) <br> ) <br> Defendant. ) <br> ) | **COMPLAINT FOR** <br> **DECLARATORY JUDGMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff THE CATO CORPORATION ("Plaintiff") brings this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, for a declaratory judgment and other relief against Defendant STITCH FIX, INC. ("Defendant"), and alleges as follows:

## PARTIES

1. Plaintiff is a corporation formed under the laws of the State of Delaware, with a principal place of business at 8100 Denmark Road, Charlotte, North Carolina 28273, and is doing business in this State and District.

2. Upon information and belief, Defendant is a corporation formed under the laws of the State of Delaware, with a principal place of business at One Montgomery Street, Suite 1100, San Francisco, California 94104, and is doing business in this State and District.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

4. This Court may declare the rights and other legal relations of the parties in this case, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, because an actual

and justiciable controversy exists concerning the rights of, and legal relations between, Plaintiff and Defendant.

5. This Court has personal jurisdiction over Defendant consistent with the principles underlying the U.S. Constitution and N.C. Gen Stat. § 1-75.4.

6. Upon information and belief, Defendant has regularly and intentionally conducted business in this State and District by selling, offering for sale, distributing, and/or advertising goods and services, providing an interactive website and mobile application, and otherwise engaging in business activities related to personal shopping and retail services throughout the United States, and is subject to personal jurisdiction in this State and District by virtue of its contacts here.

7. Upon information and belief, Defendant's goods and services are sold, offered for sale, distributed, and/or advertised to customers residing in this State and District and have been sold or distributed to customers in this State and District.

8. Venue is proper in the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

9. Plaintiff is a Charlotte, North Carolina-based retailer of women's fashion and accessories, with over 1,300 Cato retail stores, located throughout 32 states. Plaintiff also offers its fashion and accessory items for sale online through its website, located at www.catofashions.com.

10. Plaintiff has used the mark YOUR STYLE. DELIVERED. ("Plaintiff's Mark") in connection with its retail clothing and accessories business since at least as early as July 2016. Plaintiff also prominently displays Plaintiff's Mark at the top of its website, in addition to

incorporating Plaintiff's Mark in the website's title tag.  A print-out of Plaintiff's website is attached hereto as Exhibit A.

11.      Plaintiff filed Service Mark Application Serial No. 87/105,431 for Plaintiff's Mark on July 15, 2016, reciting retail clothing store services featuring fashion accessories, gifts, clothing, perfumes and colognes, in Int. Class. 35 ("Plaintiff's Services").

12.      Plaintiff's application for Plaintiff's Mark was approved by the U.S. Patent and Trademark Office for publication on December 15, 2016, and is scheduled to publish in the *Official Gazette* on January 24, 2017.  A copy of the Notice of Publication is attached hereto as Exhibit B.

13.      Plaintiff has valid and enforceable trademark rights in Plaintiff's Mark.

14.      Upon information and belief, Defendant offers online personal styling services.

15.      Defendant's website is located at www.stitchfix.com.  A print-out of Defendant's home page is attached hereto as Exhibit C.  A print-out of Defendant's FAQ page from its website is attached hereto as Exhibit D.

16.      Defendant promotes itself on its website as "Your Partner In Personal Style."

17.      Defendant further states on its website that "For busy women on the go, Stitch Fix® is the personal styling service tailored to your taste, budget and lifestyle that helps you look and feel your best every day."

18.      Defendant describes its services on its website as follows:

"Stitch Fix is the first fashion retailer to blend expert styling, proprietary technology and unique product to deliver a shopping experience that is truly personalized for you.  Simply fill out the Stitch Fix Style Profile and our personal stylists will handpick a selection of five clothing items and accessories unique to your taste, budget and lifestyle.  You can buy what you like and return the rest (shipping is free both ways)."

19. Defendant includes information on its website that answers the question "How is Stitch Fix different than shopping online, or in a store?" Defendant states:

> **"How is Stitch Fix different than shopping online, or in a store?**
>
> The Stitch Fix experience is not merely curated, it's truly personalized to your taste, budget and lifestyle. Stylists handpick a selection of five items just for you. In fact, no two clients have ever received the same selection of items.
>
> Stitch Fix makes shopping not just convenient, but effortless. Like other online retailers, Stitch Fix saves you a trip to the store by shipping items directly to you. Our personal stylists also save you the time and trouble of selecting clothing and accessories. Many of our clients enjoy the ease and convenience of automatically scheduled shipments that arrive at a frequency of their choosing.
>
> At Stitch Fix, our dressing room is your home. We encourage you to try everything on in the comfort of your home and see how the items we send work with what's already in your closet.
>
> Returns are easy. Simply slip the items you're returning into the prepaid mailing envelope and drop it into any USPS mailbox. Shipping is always free at Stitch Fix!"

20. Upon information and belief, Defendant only offers its services online, and does not offer any services through retail stores.

21. Defendant's online personal styling services are markedly different from Plaintiff's retail store business.

22. Defendant purports to own trademark rights in the phrase "YOUR STYLE. DELIVERED."

23. Defendant, through its counsel, has accused Plaintiff of violating federal trademark laws through Plaintiff's use of Plaintiff's Mark.

24. Plaintiff's trademark rights in Plaintiff's Mark are not adversely affected by any claimed trademark rights of Defendant.

4

Case 3:17-cv-00036-GCM   Document 1   Filed 01/25/17   Page 4 of 8

25.     Defendant has threatened Plaintiff's business, in this State and District and elsewhere, by accusing Plaintiff of unlawful actions through a demand letter dated January 9, 2017 (the "Demand Letter").  A copy of the Demand Letter is attached hereto as Exhibit E.

26.     Defendant states in the Demand Letter that Plaintiff must "immediately cease and permanently refrain from using the mark YOUR STYLE. DELIVERED," and "abandon its application to register the mark YOUR STYLE. DELIVERED (U.S. Ser. No. 87/105,431)."

27.     After sending the Demand Letter, Defendant filed Service Mark Application Serial No. 87/299,543 for the phrase "YOUR STYLE. DELIVERED." on January 12, 2017, reciting "Online retail store services featuring clothing, fashion accessories, shoes, bags, and jewelry; retail store services featuring clothing, fashion accessories, shoes, bags, and jewelry; online retail store services featuring customized boxes containing clothing, fashion accessories, shoes, bags, and jewelry" in Int. Class 35, and "Personal shopping services for others; fashion consulting services; personal fashion consulting services; providing a website featuring information on fashion and personal shopping; providing information concerning fashion; personal stylist services, namely, evaluating the fashion styles of others and recommending clothing and accessories; online social networking services provided through a fashion community website; providing online fashion questions to help users determine the style of clothing best suited to their individual needs and preferences" in Int. Class 45.

28.     Upon information and belief, Defendant has yet to file a complaint against Plaintiff to enforce its purported trademark rights.

29.     Upon information and belief, Plaintiff has not infringed upon any valid and enforceable trademark rights Defendant purports to have in the phrase "YOUR STYLE. DELIVERED."

30. Defendant does not have the exclusive right to use the words "YOUR STYLE" or "DELIVERED", or the phrase "YOUR STYLE. DELIVERED.", in connection with retail clothing and related services in the United States.

31. Defendant has not acquired trademark rights in the phrase "YOUR STYLE. DELIVERED."

32. Upon information and belief, Defendant does not use the phrase "YOUR STYLE. DELIVERED." in connection with its online personal styling services.

33. A search of Defendant's domain name, which also searches Defendant's blog, for the terms "Your Style" and "Delivered", wherever they appear within 3 words of each other, yielded one article from Defendant's blog entitled, "Your Style, Delivered: Clothing, Accessories and Shoes." A print-out of the results for this Boolean search using Google, and the blog article entitled, "Your Style, Delivered: Clothing, Accessories and Shoes," is attached hereto as Exhibit F.

34. The single instance of Defendant's use of the phrase "Your Style, Delivered" described in Paragraph 33 is the same as the second example Defendant attached as Exhibit A to the Demand Letter.

35. The single instance of Defendant's use of the phrase "Your Style, Delivered" described in Paragraph 33 does not constitute use in the trademark sense.

36. Upon information and belief, Defendant does not use the phrase "YOUR STYLE. DELIVERED." on any of its social media profiles. Print-outs of Defendant's Facebook, Instagram, Pinterest, Twitter, and Apple Store page are attached hereto as Exhibit G.

37. Many third parties use the words "YOUR STYLE" and "DELIVERED", including the phrase "YOUR STYLE. DELIVERED.", in connection with online personal

6

styling services.  Print-outs from the websites of third parties showing such uses are attached hereto as Exhibit H.

38. Upon information and belief, there is no likelihood of confusion between Plaintiff and Defendant by virtue of Plaintiff's Mark.

39. Upon information and belief, Plaintiff has not violated any of Defendant's purported trademark rights and is not liable to Defendant for trademark infringement or any other federal, state or common law causes of action, in law or in equity.

40. Upon information and belief, Plaintiff's use of Plaintiff's Mark has not caused nor will it cause damage to Defendant by, *inter alia*, harming Defendant's sales, goodwill, and reputation.

41. There is an actual and substantial controversy between Plaintiff and Defendant of sufficient immediacy and reality to warrant the rendering of a declaratory judgment by this Court.

## CLAIM FOR RELIEF:  DECLARATORY JUDGMENT

42. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

43. This is an action for declaratory judgment under 28 U.S.C. § 2201 for the purpose of determining a question of actual controversy between the parties.

44. There is a real, substantial, and justifiable issue in controversy between the parties regarding Defendant's purported trademark rights, Plaintiff's rights to continue using Plaintiff's Mark, and Defendant's threat to Plaintiff.

45. Plaintiff is entitled to a judgment declaring that it has valid and enforceable trademark rights in Plaintiff's Mark; that Plaintiff has not violated any purported trademark

rights of Defendant under federal, state, or common law; and that Plaintiff is not liable to Defendant for any claims, including any claim of trademark infringement.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays the Court to enter a judgment:

A. Declaring that Plaintiff has not infringed or otherwise violated any purported rights of Defendant, including any provisions of 15 U.S.C. §§ 1114 and 1125 or any other asserted federal, state, or common law laws;

B. Granting Plaintiff its costs and awarding Plaintiff its reasonable attorneys' fees and other litigation expenses, together with such further legal and equitable relief as the Court may deem just and proper.

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 25, 2017

Respectfully submitted,

s/ J. Mark Wilson
J. Mark Wilson
N.C. State Bar No. 25763
Kathryn G. Cole
N.C. State Bar No. 39106
Minnie Kim
N.C. State Bar No. 46178
MOORE & VAN ALLEN PLLC
Bank of America Corporate Center
100 North Tryon Street, Suite 4700
Charlotte, NC  28202-4003
Telephone: (704) 331-1000
Facsimile: (704) 331-1159
Email:  markwilson@mvalaw.com
        katecole@mvalaw.com
        minniekim@mvalaw.com

*Attorneys for Plaintiff
The Cato Corporation*