**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.** 3:17-CV-00036-GCM

| | |
|---|---|
| THE CATO CORPORATION, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| STITCH FIX, INC., | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |
| | ) |
| STITCH FIX, INC., | ) |
| | ) |
| **Counterclaimant,** | ) |
| | ) |
| v. | ) |
| | ) |
| THE CATO CORPORATION, CATO OF | ) |
| TEXAS L.P., CATO SOUTHWEST, INC., | ) |
| | ) |
| **Counterclaim Defendants.** | ) |
| | ) |

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. Scope. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests or subpoenas, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. Confidential Information. As used in this Order, "Confidential Information"

means information designated as "CONFIDENTIAL" by a party to this Action or a non-party responding to a subpoena (hereinafter referred to as "a producing or designating party") that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) personal identity information; or (e) personnel or employment records. Information or documents that are available to the public may not be designated as Confidential Information.

 3. Designation.

 (a) A producing party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

 (b) The designation of a document as CONFIDENTIAL is a certification by an attorney that the document contains Confidential Information as defined in this Order.

 4. Depositions and Testimony. Parties or testifying persons or entities may designate all or portions of depositions and other testimony with the appropriate designation by

indicating on the record at the time the testimony is given or by sending written notice of which portions of the transcript of the testimony is designated within thirty (30) days of receipt of the final transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed Confidential Information until the time within which portions of the testimony may be appropriately designated as provided for herein has passed. Any party that wishes to disclose the transcript, or information contained therein, before the time within which it may be appropriately designated as Confidential Information has passed, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Any discovery material designated as Confidential Information that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such discovery material. In such cases the court reporter shall be informed of this Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties." Counsel for any producing party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Order to receive or access Confidential Information based on the designation of such Confidential Information. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Confidential Information.

    5.      Protection of Confidential Information.

(a) General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b) Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(10) below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

(2) Parties. Individual parties and employees, officers, and/or directors of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) The Court, jury, and court personnel;

(4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary in order to prosecute or defend the claims in this action. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation);

(9) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered; and

(10) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order.

(c) Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

(d) Additionally, a producing party may designate documents or information as highly confidential, or "ATTORNEYS EYES ONLY" by placing such language on the document in the same manner described above in section 3(a). Documents and information so designated shall receive the same protections as Confidential Information, except that third-party disclosure of said documents or information described in section 5(b) shall be limited to those persons identified in categories (5)(b)(1), (3) through (6), and (8) through (10).

6. Inadvertent Failure to Designate. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. Filing of Confidential Information. This Order does not, by itself, authorize

the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 6.1.

8. No Greater Protection of Specific Documents. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. Challenges by a Party to Designation as Confidential Information. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) A party shall not be obligated to challenge the propriety of any designation of discovery material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b) Any challenge to a designation of discovery material under this Order shall be written, shall be served on counsel for the producing party, shall particularly identify the documents or information that the receiving party contends should be differently designated, and the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(1) The objecting party shall have the burden of conferring either in person, in writing, or by telephone with the producing party claiming protection in a good faith effort to resolve the dispute. The designating party shall have the burden of justifying the disputed designation.

(2) Failing agreement, the parties' recourse is for the objecting party to file a motion with the Court (or follow whatever procedure the Court orders) requesting a ruling

on whether the discovery material in question is entitled to the status and protection of the producing party's designation. The producing party shall have the burden of justifying the disputed designation. The parties' entry into this Order shall not preclude or prejudice either party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

(3) Notwithstanding any challenge to a designation, the discovery material in question shall continue to be treated as designated under this Order until one of the following occurs: (i) the party who designated the discovery material in question withdraws such designation in writing; or (ii) the Court rules that the discovery material in question is not entitled to the designation.

10. Action by the Court. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. Use of Confidential Documents or Information at Trial. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

(a) If a receiving party is served with a subpoena or an order issued in other

litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13. Challenges by Members of the Public to Sealing Orders. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14. No Waiver of Privileges; Inadvertent Production Procedure.

(a) The production of documents (including both paper documents and electronically stored information) subject to protection by the attorney-client privilege, the Bank Examination privilege and/or protected by the work-product, joint defense or other similar doctrine, or by another legal privilege protecting information from discovery, shall not constitute

a waiver of any privilege or other protection, provided that the producing party notifies the receiving party, in writing, of the production after its discovery of the same.

(b) If the producing party notifies the receiving party after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the producing party or destroyed or deleted, on request of the producing party. If the receiving party has any notes or other work product reflecting the contents of the Identified Materials, the receiving party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

(c) The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The receiving party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected.

(d) The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

(e) If any receiving party is in receipt of a document from a producing party which the receiving party has reason to believe is privileged, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the production of that document so that the producing party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Order.

(f) The party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.

(g) The parties agree that this Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence and thus the disclosure of Inadvertent Materials is not a waiver of the privilege in any other federal or state proceeding.

(h) This stipulated agreement set forth in Paragraph 14 and its subparts does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine. This agreement also is not intended to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

15. Obligations on Conclusion of Litigation.

(a) Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) Obligations at Conclusion of Litigation. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, the receiving party shall destroy documents containing Confidential Information and marked "CONFIDENTIAL" under this Order, including copies as defined in ¶ 3(a), and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports unless the document has been offered into evidence or filed without restriction as to disclosure.

(c) Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of

Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

   (d) Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

  16. Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

  17. Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

  18. Miscellaneous.

   (a) Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

   (b) Termination of Matter and Retention of Jurisdiction. The parties agree that the terms of this Order shall survive and remain in effect after the termination of the above-captioned matter. The Court shall retain jurisdiction for one year after termination of this matter to hear and resolve any disputes arising out of this Order.

   (c) Successors. This Order shall be binding upon the parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal

representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

    (d)  Right to Assert Other Objections. By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no party waives any right to object on any ground to use in evidence any of the material covered by this Order. This Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any discovery material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

    (e)  Actions to Protect Confidential Information. In the event that the Court determines that there is an actual or threatened breach of this Order by the party who received Confidential Information, the parties agree that the producing party would not have an adequate remedy at law and would be entitled to specific performance, and/or injunctive relief, to enforce the terms of this Order, in addition to any other remedy the party may be entitled at law or in equity.

    (f)  Burdens of Proof. Notwithstanding anything to the contrary above, nothing in this Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular discovery material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

    (g)  Modification by Court. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order sua sponte in the interests of justice. The United States District Court for the Western District of North Carolina is responsible for the interpretation and enforcement of this Order. All disputes concerning

Confidential Information, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Western District of North Carolina. The ultimate disposition of protected materials shall be subject to a final order of the Court.

    So Ordered.

Signed: March 27, 2017

*[signature: Graham C. Mullen]*

Graham C. Mullen
United States District Judge

So Stipulated and Agreed:

| | |
|---|---|
| *s/ J. Mark Wilson* | *s/ William C. Mayberry* |
| Signature | Signature |
| | |
| J. Mark Wilson | William C. Mayberry |
| Printed Name | Printed Name |
| | |
| Counsel for: Plaintiff/Counter-Defendants | Counsel for: Defendant/Counter-Plaintiff |
| | |
| Dated: March 24, 2017 | Dated: March 24, 2017 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| THE CATO CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| STITCH FIX, INC., | § § § | |
| Defendant. | § § § | |
| _____ | § | Civil Action No. 3:17-cv-00036-GCM |
| STITCH FIX, INC., | § § § | |
| Counterclaimant, | § § | |
| v. | § § § | |
| THE CATO CORPORATION, CATO OF TEXAS L.P., CATO SOUTHWEST, INC., | § § § § § | |
| Counterclaim Defendants. | § § § | |

**Exhibit A to Agreed Confidentiality Order**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of North Carolina in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____        _____

                               Signature